UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

XIN HUI ZHOU,
a/k/a "Darin,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

~~PROPOSED~~
PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S1 19 Cr. 710 (SHS)

WHEREAS, on or about October 13, 2020, XIN HUI ZHOU, a/k/a "Darin," (the "Defendant"), and another, were charged in a one-count Superseding Information, S1 19 Cr. 710 (SHS) (the "Information"), with failing to maintain information about the shipment, receipt, sale, and distribution of cigarettes, in violation of Title 18, United States Code, Sections 2343(a), 2344(b) and 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 2344(c), Title 28, United States Code, Section 2461(c), and Title 49, United States Code, Section 80303, of any and all property, real and personal, which constitutes or is derived from proceeds traceable to Count One of the Information; any and all contraband cigarettes or contraband smokeless tobacco involving the offense charge in Count One of the Information; and any and all aircraft, vehicles, and vessels used to transport, conceal, possess, or facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away, of contraband cigarettes involved in the offense charged in Count One of the Information; and, pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the offense charged in Count One of the Information, including but not limited to a sum of money in United

States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, on or about May 18, 2019, the Government seized 43,200 cigarettes from the Defendant in Queens County, New York (the "May 18 Seizure");

WHEREAS, on or about June 26, 2019, the Government seized 57,600 cigarettes from the Defendant in New York County, New York (the "June 26 Seizure") (the May 18 Seizure and the June 26 Seizure, collectively, the "Specific Property");

WHEREAS, on or about October 13, 2020, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and 2344(c), Title 28, United States Code, Section 2461(c), and Title 49, United States Code, Section 80303, a sum of money equal to $5,068 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information, and the Specific Property, representing all contraband cigarettes involved in the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $5,068 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with Co-Defendant Hai Jiao Dai to the extent a forfeiture money judgment is entered against Co-Defendant Hai Jiao Dai;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property involved in the offense charged in Count One of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $5,068 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant, for which the Defendant is jointly and severally liable with Co-Defendant Hai Jiao Dai to the extent a forfeiture money judgment is entered against Co-Defendant Hai Jiao Dai.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the

Defendant, XIN HUI ZHOU, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

      4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

      5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

      6.      Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

      7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
March 8, 2021